UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAURICE CARTER, | No. 2:16-cv-1673 CKD P |
| Petitioner, | |
| v. | ORDER & |
| SCOTT R. JONES, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner is a former county jail inmate[1] proceeding pro se with this action pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, petitioner may proceed with this action in forma pauperis.

    Petitioner asserts that he was subject to racial profiling and excessive use of force at the Sacramento County Main Jail. (ECF No. 1.) He submits as evidence photographs of injuries sustained in the incident. (ECF No. 4.)

    A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v.

---

[1] Petitioner is currently housed at Napa State Hospital.

1

1  Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976

2  Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for

3  a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136,

4  (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas

5  Rule 1, 1976 Adoption.   Here, as petitioner's claims do not relate to the duration of his

6  confinement, they are not properly brought within this federal habeas action.

       Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the foregoing reasons, and because it does not appear that the petition can be cured by amendment, the petition should be summarily dismissed pursuant to Rule 4.[2]

       Accordingly, IT IS HEREBY ORDERED that:

       1.  Petitioner's request for leave to proceed in forma pauperis is granted; and

       2.  The Clerk of Court is directed to assign a district judge to this action.

       IT IS HEREBY RECOMMENDED that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

////

---

[2] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section 1983.  Petitioner is advised that the statutory filing fee for such an action is $400.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).  A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.

1 | Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 30, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / cart1673.R4_fr